## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

### LETTER ORDER

**April 21, 2015**

*All counsel of record via ECF*

> **Re:**  **Jose Garcia v. Techtronic Industries North America, Inc., et al. v. Union Mill Run, LLC**
> **Civil Action No. 2:13-cv-05884 (MCA) (JAD)**
>
> **Anwar Abu-Obaid v. Techtronic Industries North America, Inc., et al.**
> **Civil Action No. 3:14-cv-00840 (KM) (JAD)**
>
> **Robert J. Nitzky, Jr. v. Techtronic Industries North America, Inc., et al.**
> **Civil Action No. 2:14-cv-04697 (KM) (JAD)**

Dear Counsel,

This matter comes before the Court by way of Plaintiffs' request to compel Defendants to produce "complete copies of any and all insurance agreements that may provide insurance coverage for any judgment Plaintiff[s] might obtain against Defendants." (ECF No. 51, at 2). Upon careful consideration of Plaintiffs' submissions, (ECF Nos. 51, 54), Defendants' opposition, (ECF Nos. 52, 55), as well as oral arguments held on April 13, 2015, (Minute Entry for proceedings held before Magistrate Judge Joseph A. Dickson on 4/13/15), and for the reasons stated below, Plaintiffs' request is **GRANTED**.

### I.      BACKGROUND

Plaintiffs submitted a letter to this Court dated January 26, 2015, arguing that Federal Rule of Civil Procedure 26 requires Defendants to provide Plaintiffs with their insurance agreement.

1

(ECF No. 51, at 2). Plaintiffs contend that Defendants did not produce any documentation concerning their insurance, but "[i]nstead, they simply stated, '[t]he above named Defendants are self-insured for purposes of satisfying any reasonable verdict against them in this matter, and they have excess insurance available.' After a request from Plaintiff[s'] counsel for the complete insurance agreements, Defendants agreed to produce the declaration pages, but not the agreements themselves." (Id.). Defendants represented to Plaintiffs that they are self-insured up to $500,000 and their insurance covers any excess loss. (Id. at 3). Plaintiffs believe that given the litigation costs involved, the $500,000 will be exhausted before trial, especially since "there have already been two plaintiff jury verdicts against [Defendants] in table saw cases similar to [the] instant case, and in both cases the verdicts were **in excess of $1 million**." (Id.) (emphasis in original).

Additionally, Plaintiffs argue that courts are clear, "Rule 26(a)(1)(D) means **exactly** what is says with no exception; it requires a defendant to produce a full and complete copy of any insurance agreement that may provide coverage and anything less (including declaration pages) is insufficient." (Id.). Plaintiffs then cite to several cases, which support the proposition that "the plain language of the rule requires a party to disclose, and to provide for inspection, 'any insurance agreement,' not just the declarations page of the policy." Wolk v. Green, No. C06-5025, 2008 WL 298757, at *2 (N.D. Cal. Feb. 1, 2008).

Defendants opposed Plaintiff's request in a letter dated January 28, 2015. (ECF No. 52). Defendants note that Rule 26 "provides that a party must make available to the other parties 'for inspection and copying as under Rule 34, any insurance agreement under which an insurance business **may be liable** to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.'" (Id. at 1-2) (emphasis in original). Defendants argue that at the present time, "there is no indication that Plaintiffs' claims would be

2

in excess of Defendants' self-insured retention and as such, the excess insurance policies are not policies that 'may be liable' to satisfy all or part of a judgment in the action." (Id. at 2).

Defendants note that Plaintiffs' lead counsel, Richard Sullivan, Esq., has filed "well over seventy-five 'SawStop' cases against [Defendants] in numerous jurisdictions (including thirteen cases in the District of New Jersey, all of which [this Court] has managed)." (Id.). Defendants argue that Plaintiffs' attorney has in fact interpreted Rule 26 as not requiring the production of excess insurance policies because Plaintiffs' counsel as never previously requested them. (Id.). Defendants posit that "in a good faith effort to resolve any discovery dispute without the need for court intervention, Defendants provided the declaration pages of its excess insurance policies, which detail the scope and limitations of coverage." (Id.). By providing the declaration pages for the policies, Defendants maintain that they have already produced "all of the information necessary to satisfy the purpose of the insurance coverage disclosure provision and therefore, the production of the policies is not required." (Id. at 3).

On February 24, 2015, Plaintiffs submitted a letter with an attached Order entered in an action pending against the same Defendants in the United States District Court for the Northern District of Texas, in the case Francisco Regalado v. Techtronic Industries North America, Inc., et al.[1] The Order addressed the very issue presently before this Court. (ECF No. 54). Defendants responded on February 26, 2015, and argued that in their previously filed opposition, (ECF No. 52), Defendants "relied upon certain authorities (generally-accepted in the District of New Jersey),

---

[1] Case No. 3:13-cv-4267-L.

3

which [Defendants] in <u>Regalado</u> did not rely upon." (ECF No. 55, at 1). Defendants, therefore, request that the dispute be decided under the authorities "applicable" in this District.[2] (<u>Id.</u>).

The Court held oral arguments on April 13, 2015. The Court questioned Plaintiffs' counsel as to why the entire insurance policy was needed, instead of just the declaration pages. Plaintiffs' counsel informed the Court that there may be information in the policy itself relating to "how the self-insured retention and how defense costs are consumed." (Hr'g Tr. 7, April 13, 2015). In addition, Plaintiffs believe there "may be an additional excess policy above and beyond the excess policy that [Plaintiffs] were already aware of", thereby creating the possibility of additional coverage. (<u>Id.</u>). Finally, Plaintiffs seek to determine the "terms and constraints, limitations and scope of the excess policy." (<u>Id.</u>). Defendants counsel responded and maintained that the disclosures of the declaration pages are sufficient to satisfy Rule 26. (<u>Id.</u> at 8).

## II.    **LEGAL STANDARD AND ANALYSIS**

Federal Rule of Civil Procedure 26 states,

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

FED. R. CIV. P. 26(a)(1)(A)(iv). This case neither falls under a Rule 26(a)(1)(B) exception, (see FED. R. CIV. P. 26(a)(1)(B)), nor has there been a Court Order relieving Defendants of their obligation under the Rule, nor have the parties stipulated to such an arrangement. The Court must,

---

[2] Defendants appear to be referring to the arguments made in their January 29, 2015 submission. (ECF No. 52). There, Defendants argue that both this Court and the Third Circuit "frequently cite to Moore's Federal Practice as persuasive authority." (<u>Id.</u> at 3).

therefore, determine whether Defendants providing Plaintiffs with declaration pages is sufficient to satisfy the production of "insurance agreements" as is required by Rule 26.

In <u>Regalado</u>, the Hon. David L. Horan, U.S.M.J. of the United States District Court for the Northern District of Texas, addressed this very issue. (ECF No. 54-1). There, the Defendants made nearly identical arguments to those before this Court. In <u>Regalado</u>, Judge Horan determined that the Defendants were required to produce not just the declaration pages, but "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment, including the excess insurance agreement disclosed by Defendants in their Rule 26(a)(1) initial disclosures." (<u>Id.</u> at 5-6) (<u>quoting</u> FED. R. CIV. P. 26(a)(1)(A)(iv)). For the reasons stated below, this Court shall Order the same relief.

Defendants argued in that case, as they do here, that "there is no indication that Plaintiff[s'] claims would be in excess of Defendants' self-insured retention and as such, the excess insurance policies are not policies that 'may be liable' to satisfy all or part of a judgment in the action". (ECF No. 52, at 2). As Judge Horan stated, this argument requires the court to "perform at least a partial valuation of the case to determine the likelihood of Plaintiffs' recovery of a judgment that exceeds Defendants' $500,000.00 self-insured retention." (ECF No. 54-1, at 3). This Court, like the Northern District of Texas, shall not perform such an analysis. Rule 26 disclosures are mandatory and requires the production of "<u>any</u> insurance agreement" that could potentially "satisfy all or part of a possible judgment" in the case. FED. R. CIV. P. 26(a)(1)(A)(iv) (emphasis added). Although there is no indication that the claims would be in excess of Defendants' self-insured retention, there is likewise no indication that a judgment would <u>not</u> be in excess of Defendants' self-insured retention. The phrase "may be liable" indicates that regardless of whether there is actual liability,

the mere potential of satisfying a judgment requires the production of the insurance agreement under Rule 26.[3]  Even if Plaintiffs had not informed the Court that two previous jury verdicts against Defendants in similar cases resulted in judgments in excess of $1 million, the Court would still require Defendants to produce their insurance agreement. Defendants have not provided the Court with any evidence that the damages Plaintiffs seek are in any way capped and, therefore, the Court will not issue a ruling as if it were.

Defendants have not provided the Court with case law which states that producing the declaration pages of an insurance policy is sufficient to satisfy the requirements set forth in Rule 26.  Instead, Defendants cite to Moore's Federal Practice on the issue and then cite to cases from the Third Circuit and this Court where judges have mentioned that they either find Moore to be persuasive or that they agree with his position in general.  None of the cases cited, however, specifically reference Moore's position on insurance agreements.  Rather, Defendants seek to have this Court adopt Moore's view regarding insurance disclosures simply because other judges have found Moore's Federal Practice as persuasive on other issues.  This Court will not, however, ignore the plain language of Rule 26.

This Court finds that the production of merely the declaration pages is insufficient to satisfy Rule 26.  Rule 26 of the Federal Rules of Civil Procedure does not specifically address the production of declaration pages.  See FED. R. CIV. P. 26.  The Rule is clear on its face regarding insurance agreements as a whole: their disclosure is automatic.  See Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 448 n.13 (3d Cir. 2003) (citing FED. R. CIV. P.

---

[3] Indeed, Defendants' argument boils down to this: the carrier may not be liable. While that may be true, it does not logically negate the possibility, contemplated by Rule 26, that the carrier may be liable.

6

26(a)(1)(A)(iv)) (Rule 26 of the Federal Rules of Civil Procedure requires the <u>automatic</u> disclosure of "<u>any</u> insurance agreement" which may result in liability to satisfy the judgment).

## III.    **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's request to compel Defendants to produce copies of all insurance policies, including excess insurance policies, under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, (ECF No. 51), is **GRANTED**.  Defendants shall produce any such agreements by April 29, 2015.

**SO ORDERED**

**JOSEPH A. DICKSON, U.S.M.J.**

cc:    Hon. Madeline C. Arleo, U.S.D.J.

7